BOSTON & MAINE RAILROAD COMPANY
v.
UNITED STATES.

BALTIMORE & OHIO RAILROAD COMPANY
v.
UNITED STATES.
Nos. 186-52, 275-55.

United States Court of Claims.
Jan. 14, 1959.

Robert J. Corber, Washington, D. C., for plaintiffs. Chester A. Prior, Boston, Mass., Cake & Negus and Steptoe & Johnson, Washington, D. C., on the brief.

Curtis L. Wagner, Jr., Knoxville, Tenn., Asst. Atty. Gen. George Cochran Doub, for defendant.

MADDEN, Judge.

Each of the plaintiffs transported freight for the United States, submitted its bills therefor, and was paid the amounts shown on the bills. These bills were based upon the applicable minimum charge for freight cars of the length actually used for the transportation. In the cases here involved, the Government's agents had ordered shorter cars, and the shorter cars ordered would have been long enough to contain the goods actually shipped. Years later, when the General Accounting Office got around to auditing the railroads' bills, it concluded that the railroads should have charged only for cars of the lengths ordered, and not for cars of the lengths actually furnished and used, since the shorter cars would have contained the goods actually shipped.

The General Accounting Office thereupon collected from the plaintiff railroads the amounts of the alleged overcharges by deducting those amounts from freight earned by the railroads, but not yet paid them, for subsequent carriages of goods for the Government. These latter amounts are not in question. The question is whether the railroads overcharged the Government for the earlier shipments. If they did, the General Accounting Office had the right to recover the money for the Government by its subsequent deductions from charges admittedly proper.

The same problem was considered at length by this court in Atlantic Coast Line Railroad Company v. United States, 112 F.Supp. 594, 125 Ct.Cl. 235; 140 F.Supp. 569, 136 Ct.Cl. 1. The railroad in that case contended that, under Service Order 68 of the Interstate Commerce Commission, it was authorized and required to base its charges on the lengths of the cars furnished, regardless of the lengths of the cars ordered. The court interpreted Service Order 68 as having that effect only in cases in which the railroads were unable, because of unavailability of cars of the lengths ordered, to comply with the shippers' orders. The court further held that if Service Order 68 was intended to go farther than that, it was invalid as beyond the statutory powers of the Interstate Commerce Commission. The reasons for these conclusions appear in the court's opinions.

The instant plaintiffs ask us to overrule Atlantic Coast Line. They urge that the Interstate Commerce Commission has interpreted and applied its Service Order 68 differently from the way in which we interpreted and applied it in Atlantic Coast Line; that the problem lies within the primary jurisdiction of the Interstate Commerce Commission and that we should defer to its conclusions. The plaintiffs rely on the case of Burton v. Pennsylvania Railroad Company, 259 I.C.C. 64; rehearing 263 I.C.C.

799. In that case a shipper claimed that he should have had to pay only for a car of the length ordered. The question of availability seems not to have been raised. The Commission denied recovery to the shipper. In the opinion in 259 I.C.C. the Commission said, at page 64:

"While the facts establish that it was possible for the shipper to have loaded the shipments on the smaller cars ordered, there is an absence of any showing of the conditions under which the longer cars were furnished, or the reason why such longer cars were not declined by the shipper at origin and not used."

And in its opinion on rehearing, in 263 I.C.C. at page 799, the Commission said:

"It is not shown that defendants were negligent in furnishing the larger cars. The shipper accepted and used the cars furnished in order to meet complainant's urgent need for the road scrapers."

These quotations suggest that the Commission might have regarded the fact of availability of cars of the size ordered, if present, as relevant. The Commission's decision in Burton was affirmed by a three judge District Court, apparently without opinion, and by the Supreme Court of the United States, without opinion, Burton v. United States, 338 U.S. 946, 70 S.Ct. 487, 94 L.Ed. 583.

We adhere to the opinion expressed in Atlantic Coast Line as to the validity and scope of Service Order 68.

In the aspect of Atlantic Coast Line reported in 140 F.Supp. 569, 136 Ct.Cl. 1, this court held that since the Government was seeking to set off, against an admittedly valid claim, a claim which it asserted as arising out of another transaction, it had the burden of proof. Thereafter, in the case of United States v. New York, New Haven & Hartford Railroad Company, 355 U.S. 253, 78 S. Ct. 212, 2 L.Ed.2d 247, the Supreme Court held to the contrary.

The plaintiffs' joint motion and the defendant's cross motion for summary judgment are both denied.

It is so ordered.

EDGERTON, Circuit Judge, sitting by designation, JONES, Chief Judge, and LARAMORE and WHITAKER, Judges, concur.